UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT CRUZ, | § § § | |
| *Petitioner*, | § § | |
| v. | § § § | Civil Action No.   SA-16-CV-167-XR |
| WILLIAM STEPHENS, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*, | § § § § § | |
| *Respondent*, | § § § | |

**ORDER**

On this day, the Court considered Petitioner Robert Cruz's federal habeas corpus petition pursuant to 28 U.S.C. § 2254 (docket no. 1), Magistrate Judge John W. Primomo's Memorandum and Recommendation (docket no. 7), and Petitioner's Objections (docket no. 19).   After careful consideration, the Court will accept the recommendation, dismiss the habeas petition, and deny Petitioner a certificate of appealability.

**BACKGROUND**

Petitioner Robert Cruz was convicted of murder by a jury in the 186th Judicial District Court of Bexar County, Texas, on April 21, 2009.   Docket no. 1 at 2.   He was subsequently sentenced to serve 50 years in prison.   *Id.*   In the incident at issue, Cruz admittedly participated in a beating of the deceased that fractured his skull and then a few minutes later, another individual shot the deceased in the head.   *Id.* at 17.   The official causes of death listed by the medical examiner were both blunt force trauma to the head and the gunshot wound.   *Id.*   The medical

1

examiner testified at trial that the deceased likely would have died as a result of the assault, even if he had not been subsequently shot in the head.  *Id.* at 19.  Cruz's counsel did not call a competing expert to rebut this conclusion, but vigorously cross-examined the medical expert and argued to the jury that Cruz should be convicted of aggravated assault, not murder.  *Id.*

Cruz appealed and the Texas Fourth Court of Appeals affirmed his conviction on May 12, 2010.  *Id.* at 3.  The Court of Criminal Appeals denied his petition for discretionary review on August 25, 2010.  *Id.*  Cruz's counsel filed a state habeas application pursuant to Article 11.07 of the Texas Code of Criminal Procedure on October 7, 2011, without his knowledge.  *Id.* at 4; *see also id.* at 11 (explaining that Cruz's attorney filed the habeas application without authorization).  Cruz moved to dismiss the application and the Court of Criminal Appeals dismissed it without prejudice on December 14, 2011.  *Id.* at 11.  Cruz filed a second state habeas application on November 12, 2013, and the Court of Criminal Appeals denied the application on September 24, 2014.  *Id.* at 12.

Cruz filed his § 2254 federal habeas petition and brief in support on December 9, 2015.  Docket no. 1.  He alleges that he received ineffective assistance of counsel at trial because: (1) his attorney did not consult with and call a forensic pathologist to rebut the medical examiner's opinion regarding the victim's cause of death and (2) his attorney did not object to testimony that alleged the victim's shooter was coerced into the shooting by Cruz.  *Id.* at 16, 23.  Pursuant to Rule 4 of the rules governing § 2254 cases, Judge Primomo conducted a preliminary review of the petition and recommended that it be dismissed because it was filed after the expiration of the statute of limitations.  Docket no. 7 at 1.  Cruz filed Objections to the Memorandum and Recommendation.  Docket no. 19.

**STANDARD OF REVIEW**

Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Memorandum and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, any Memorandum and Recommendation that is objected to requires *de novo* review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Cruz objected to the Magistrate Judge's recommendation, so the Court will conduct a *de novo* review. Docket no. 19.

**DISCUSSION**

**I.   Statute of limitations**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court has one year to file a federal petition for habeas corpus. 28 U.S.C. § 2244(d) (2012). The start of the limitations period is triggered by the latest of four events: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;"

(3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or" (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *Id.* § 2244(d)(1).  Additionally, the limitations period for filing a § 2254 petition is tolled during any time a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  *Id.* § 2244(d)(2).

The judgment in Cruz's case became final on November 23, 2010—the date on which the time for seeking review by the Supreme Court expired, or 90 days after the Texas Court of Criminal Appeals denied discretionary review.  *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (explaining that a state criminal judgment is final once the time for filing a petition for a writ of certiorari has expired); docket no. 1 at 3.  The statute of limitations began running the next day, on November 24, 2010.  When Cruz filed his first state habeas petition, on October 7, 2011, 319 days had expired.  Docket no. 1 at 4.  His petition was pending until December 14, 2011.  *Id.*  The limitations period began to run again on December 15, 2011, and expired on January 30, 2012—long before this § 2254 federal habeas petition was filed on December 9, 2015.  *See* 28 U.S.C. § 2244(d) (setting forth the one-year statute of limitations).  Therefore, this petition was untimely filed and should be dismissed.

## II.     Petitioner's objections

In his Objections to Judge Primomo's Memorandum and Recommendation, Cruz argues that the statute of limitations should not bar his petition because the miscarriage of justice exception applies.  Docket no. 19 at 3.  He maintains that he has now produced conclusive evidence—via a medical expert he hired—that shows the victim's cause of death could not have

been the assault that Cruz participated in, but only the gunshot wound inflicted by another individual shortly after the assault. *Id.* at 4. As a result, he contends that he has shown he is factually innocent and that no reasonable juror could convict him, so he falls within an exception to the statute of limitations. *Id.* at 4–6.

The Supreme Court has held that actual innocence, if proven, allows a petitioner to overcome the AEDPA's one-year statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, "actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (citing *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). This is a "demanding" standard that is seldom met. *House v. Bell*, 547 U.S. 518, 538 (2006). Furthermore, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 133 S. Ct. at 1935.

Cruz has not met the standard set forth by the Supreme Court to establish a gateway claim of actual innocence that would permit the Court to toll the statute of limitations in this case. First, under *Schlup*, a claim of actual innocence requires the presentation of "new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324. Evidence is not "new" if "it was always within the reach of [the petitioner's] personal knowledge or reasonable investigation." *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (explaining if the allegation is that trial counsel should have presented evidence, then evidence was always within reach). Cruz bases his claim of factual innocence on the fact that he has hired an expert in forensic pathology to rebut the trial testimony of the medical examiner and asserts that he received ineffective assistance of counsel because his trial attorney did not hire such an expert at the time. This is not "new" evidence that

meets the standard set forth by *Schlup*—the cause of the victim's death was a central issue at trial; Cruz's trial counsel cross-examined the medical examiner on her assertions and argued to the jury that the beating could not have caused the death.  Docket no. 1 at 18–19.

Even if the Court considered the testimony of the forensics expert hired by Cruz to be "new" evidence, Cruz has not shown that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.  In making this determination, the Court is required to "assess the likely impact of the evidence on reasonable jurors."  *House*, 547 U.S. at 538.  In order to prevail, Cruz must provide new evidence of actual innocence "so strong that a court cannot have confidence in the outcome of the trial."  *Schlup*, 513 U.S. at 316.  He has failed to do so.  Cruz has merely offered a competing expert to rebut the medical examiner's testimony presented at trial.   The jury would simply weigh the two competing experts against each other, and a reasonable juror could still easily decide to credit the medical examiner's opinion regarding the cause of death over Cruz's expert.  As a result, Cruz has not shown that "no reasonable juror would have found [him] guilty" and thus he cannot meet the actual innocence exception to the AEDPA's statute of limitations.  *Id.* at 327.

### III.    Certificate of appealability

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under § 2254, the petitioner must obtain a certificate of appealability.  *Miller-El v. Johnson*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253(c)(2).  Furthermore, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.  *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (stating the same).  A certificate of appealability will not be

granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).

To make such a showing, the petitioner need not show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard*, 542 U.S. at 282. The showing necessary to obtain a certificate of appealability on a particular claim is dependent upon the manner in which the district court disposed of the claim. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When the petitioner wishes to challenge on appeal a court's dismissal of a claim for a procedural defect or limitations, the petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a certificate of appealability may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Reasonable minds could not disagree over this Court's conclusion that Cruz's federal habeas corpus petition is untimely under § 2244(d). Likewise, reasonable minds could not disagree with this Court's conclusion that Cruz has not satisfied the standards for establishing a

gateway claim of actual innocence set forth in *Schlup* and affirmed in *McQuiggin*. Cruz is not entitled to a certificate of appealability on any of his claims herein.

## CONCLUSION

The Court ACCEPTS Magistrate Judge John W. Primomo's Memorandum and Recommendation. Petitioner Robert Cruz's federal habeas corpus petition pursuant to 28 U.S.C. § 2254 is DISMISSED and he is not entitled to a certificate of appealability.

It is so ORDERED.

SIGNED this 12th day of July, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE